## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>**Plaintiff,**<br><br>vs.<br><br>**RICHARD MAURICE HAMBRO,**<br>**RICHARD D. HAMBRO, and**<br>**JOHN DOES 1-10,**<br><br>**Defendants.** | **CV 19-117-BLG-SPW**<br><br><br>**ORDER DENYING**<br>**MOTION TO DISMISS** |

Before the Court is the Defendant, Richard Marice Hambro's, motion to dismiss for insufficient service of process. (Doc. 6.) The Plaintiff, Steven Smith, filed a response, (Doc. 12), and the Defendant filed a reply, (Doc. 13). For the following reasons, the Court denies the motion and extends the period for service.

### I.      Background

On October 26, 2016, the parties were involved in a motor vehicle accident. (Doc. 16 at 2.)  In July 2017, Progressive Insurance (the Defendant's insurer) assigned the insurance claim to its employee, Michael Howard. (Doc. 13-1 at 1–2.) Mr. Howard learned that Attorney William Gilbert represented Smith, and Mr. Howard contacted him. (*Id.* at 2.)  Between July 2017 and November 2019, Mr.

1

Howard reached out to Mr. Gilbert several times regarding the claim.  Mr. Gilbert responded twice.  (*Id.*)

Mr. Gilbert filed the complaint in this case on October 25, 2019.  (Doc. 1.) The statute of limitations would have expired the next day.  *See* Mont. Code Ann. § 27–2–204.  Mr. Gilbert then had 90 days—until January 23, 2020—to serve the Defendant.  Fed. R. Civ. P. 4(m).

On November 1, 2019, Mr. Howard asked Mr. Gilbert about the status of the case.  Mr. Gilbert said he filed a complaint, and Mr. Howard requested a courtesy copy.  Mr. Howard also asked Mr. Gilbert to withhold service until he could evaluate the claim.  (Doc. 12-1 at 2; Doc. 13-1 at 2–3.)  On December 5, 2019, Mr. Gilbert emailed Mr. Howard a copy of the complaint along with a summary of funds paid by the Saskatchewan Workers Compensation Board.  Mr. Howard thanked Mr. Gilbert for the information and requested medical bills and records, stating that upon their receipt, he could evaluate Smith's claim and send a settlement offer.  (Doc. 12-1 at 2, Exhibit A; Doc. 13-1 at 3.)

Mr. Gilbert did not send the medical records until January 28, 2020, after the deadline for serving the complaint had passed.  (Doc. 12-1 at 3, Exhibit B.)  From February 13, 2020 until February 24, 2020, Mr. Howard and Mr. Gilbert discussed settlement.  (Doc. 13-1 at 3–4.)  On February 19, 2020, Mr. Howard sent Mr. Gilbert a check for $100,000 on Progressive Insurance's behalf, though the two agreed the

2

payment did not represent a release from liability. (*Id.*)  The check cleared the bank on February 25, 2020.  (*Id.* at 4.)  Mr. Gilbert had the complaint served on March 11, 2020.  (Doc. 3; Doc. 4.)

## II.   Discussion

The Defendant now moves to dismiss the action for insufficient service of process because service occurred 48 days after the 90-day deadline under Rule 4(m). (Doc. 6; Doc. 7.)  Smith argues there is good cause for the failure.  (Doc. 12 at 5–6.) In the alternative, he asks the Court to exercise its discretion and grant him an extension. (*Id.* at 7–8.)

Rule 4(m) states,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, courts must grant an extension when a plaintiff shows good cause for the delay.  Rule 4(m) also authorizes courts to grant an extension at their discretion even if the plaintiff cannot show good cause.  Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment; *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

*a. Smith fails to show good cause.*

"At a minimum, 'good cause' means excusable neglect."  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).  In addition to excusable neglect, the

3

Ninth Circuit states a plaintiff may also have to demonstrate the following to show good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The circuit has also considered whether "there is a justifiable excuse for a failure to serve properly." *Hart v. U.S.*, 817 F.2d 78, 80 (9th Cir. 1987). And still other courts consider the plaintiff's diligence in attempting timely service. *E.g.* *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196–97 (3d Cir. 1998); *Jewell v. BestBus Co.*, 319 F. Supp. 3d 323, 325 (D.D.C. 2018).

Smith can demonstrate several factors, but he fails to ultimately show good cause. First, the Defendant, through Mr. Howard, received actual notice of the lawsuit less than a week after Smith filed it. (Doc. 13-1 at 2.) Mr. Gilbert later sent Mr. Howard an electronic copy of the complaint itself—well in advance of the 90-day service deadline. (Doc. 13-1 at 3.) While Smith still needed to serve the Defendant a summons, *see* Rule 4(c), the Defendant knew precisely what allegations he would need to answer and defend against. Effectively, Smith accomplished one of the primary purposes of service of process.

Second, the only prejudice the Defendant alleges is the fact that this claim has been hanging over his head for over three years and the expense and inconvenience of the litigation itself should the Court allow it to move forward.  (Doc. 13 at 10–11.)  "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir. 2009).  Courts instead evaluate other consequences from the delay, such as the impact on witnesses' availability and memory, *see Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), or whether granting an extension would require the Court to reset schedules and deadlines for in-progress litigation, *see Trueman v. Johnson*, 2011 WL 6721327, at *7 (D. Ariz. Dec. 21, 2011).  Neither of those are at issue here.  The service delay was 48 days, and the litigation is in its infancy.  The Defendant would not be prejudiced by an extension.

Third, dismissing the complaint for insufficient service of process would severely prejudice Smith.  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."  Rule 4, Advisory Committee Notes, 1993 Amendment; *see Lemoge*, 587 F.3d at 1195 (describing how, if the district court did not grant relief, "the Lemoges would endure the ultimate prejudice of being forever barred from pursuing their claims").  The statute of limitations would bar Smith from refiling his claim.  *See* Mont. Code Ann. § 27–2–204.

However, although these factors weigh in favor of finding good cause (and assuming *arguendo* that there is excusable neglect), the Court nevertheless finds good cause does not exist. Foremost, Mr. Gilbert provides no justifiable excuse for his failure to timely serve the Defendant. He states he delayed service at Mr. Howard's request to engage in settlement negotiations. Mr. Howard did request a delay of service. (Doc. 13-1 at 2–3.) However, Mr. Gilbert did little to actually engage in negotiations. Over the 90-day period, he spoke with the Defendant's insurer only twice: on November 1, 2019, when he confirmed he had filed the complaint; and on December 5, 2019, when he emailed a copy of the complaint along with workers' compensation information. (*Id.*) After receiving the complaint, Mr. Howard requested medical bills and records. But Mr. Gilbert did not respond or make any further effort to negotiate until *after* the 90-day deadline passed.

Similarly, these actions show a lack of diligence. In his affidavit, Mr. Howard outlined all the communications he had with Mr. Gilbert from July 2017 to February 2020. (Doc. 13-1.) Mr. Gilbert rarely responded to phone calls, emails, or letters. Attorneys certainly have busy schedules, but the pattern of conduct leading up to the complaint and eventual service can only be described as a lack of diligence in pursuing the claim and settlement. And critically, Mr. Gilbert gives no justification for delaying negotiations after filing the complaint, or for that matter, failing to seek an extension of time before the deadline lapsed. *See Attkisson*, 925 F.3d at 627.

6

Accordingly, the Court finds Smith has failed to show good cause for his failure to timely serve the Defendant.

b. *The Court will nevertheless exercise its broad discretion and grant an extension.*

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041; *see Henderson v. United States*, 517 U.S. 654, 661 (1996) (stating that Rule 4's period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance."). However, the discretion is not limitless, and courts must provide justification for their decisions. *Efaw*, 473 F.3d at 1041. Factors courts may consider include "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)); *see Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011); *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010).

The Defendant argues Smith must show excusable neglect before the Court may exercise its discretion and "there is simply no 'neglect' to assess," primarily because the Defendant argues Smith's delay was intentional. (Doc. 13-1 at 10.) However, even if much of Smith's delay was intentional, there can be no doubt that a failure to meet a deadline is neglect. Furthermore, an excusable neglect analysis and a Rule 4(m) analysis on whether to grant an extension for service share many

factors, and both encourage courts to look to the totality of the circumstances.[1]

*Compare, e.g., Lemoge*, 587 F.3d at 1191–98 (analyzing the excusable neglect requirement in the context of Rule 60(b)(1) and holding courts must consider "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith" (internal quotations and citations omitted); *In re Sheehan*, 253 F.3d at 511–14 (using the same factors and holding a bankruptcy court may extend the service period by a showing of excusable neglect

---

[1] At least one circuit has declined to require a showing of excusable neglect before exercising discretion under Rule 4(m). In *U.S. v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) the Seventh Circuit observed, "Some courts think that when as in this case an extension is sought after the [90]-day deadline has passed, the plaintiff must show excusable neglect, as that is the standard laid down by Rule 6(b)(2) for motions made after the expiration of the specified period for making the motion. We disagree." (Internal quotations and citations omitted.) The circuit continued, "The difference in standards may be accidental, or may reflect the fact that ignoring litigation deadlines delays the finality of litigation, whereas missing service deadlines merely postpones the commencement of litigation. Whatever the explanation, the difference is plain enough." *Id.*

In *Efaw* and earlier cases analyzing Rule 4(m), the Ninth Circuit did not refer to a requirement of showing excusable neglect. *Efaw*, 473 F.3d at 1041; *see United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *In re Sheehan*, 253 F.3d at 511–14. However, since *Lemoge*, the circuit now states a district court may extend the time for service "upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198; *see Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013). It is unclear whether *Lemoge* marked an intentional departure from *Efaw*. *Lemoge* primarily analyzed excusable neglect in the context of Rule 60(b)(1)—relief from a final judgment. Moreover, the circuit cited *In re Sheehan* when it stated, under Rule 4(m), a district court "may extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198. However, *In re Sheehan* did not state excusable neglect is a requirement before a Court may exercise its discretion to grant additional time under Rule 4(m). *In re Sheehan*, 253 F.3d at 512–14. Instead, it distinguished the requirements for an extension under Rule 4(m) and Federal Rule of Bankruptcy Procedure Rule 9006(b): "Accordingly, if good cause is shown, a court shall extend the service period under Rule 4. If good cause is not shown, the court has the discretion to extend the time period. In addition, the court may extend the time limit upon a showing of excusable neglect under 9006(b)." *Id.* at 514. Regardless of the standard, the Court would reach the same conclusion here.

8

under Fed. R. Bankr. P. 9006(b)) *with, e.g., Efaw*, 473 F.3d at 1041 (holding a court may exercise its discretion to grant an extension under Rule 4(m) by considering factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service").

The Court would reach the same conclusion under either analysis from *Lemoge* and *Efaw*. While the Defendant is correct that Smith's dilatory conduct weighs heavily against granting an extension, the remaining considerations convince the Court that an extension is still the most equitable outcome.

The Court first addresses the *Lemoge* factors. As explained above, Mr. Gilbert did not diligently communicate or negotiate with Mr. Howard despite repeated attempts by Mr. Howard to contact him. There is not a justifiable reason for the delay in service or persuasive evidence Mr. Gilbert acted in good faith. However, the danger of prejudice is severe given the statute of limitations, and the length of the delay was relatively short (48 days). Therefore, excusable neglect exists such that granting an extension for service is equitable.

Next, the *Efaw* factors. The Court has already addressed three: the statute of limitations would bar Smith from refiling, there is little prejudice to the Defendant from the short delay, and the Defendant had actual notice of the lawsuit (and a copy of the complaint itself) in advance of the 90-day deadline. This is unlike *Efaw*, where the length of delay—seven years—was extraordinary, and there was no evidence the

defendant otherwise knew about the action.  *See Efaw*, 473 F.3d at 1041.  Further, because the Defendant was eventually served on March 11, 2020, Smith also meets the fourth factor.

### III.   Conclusion

There is no good cause requiring the Court to extend the time for service under Rule 4(m).  Nevertheless, under the totality of the circumstances, an extension is the most equitable result, and the Court will exercise its discretion to grant one. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (Doc. 6) is **DENIED**.  The Court extends the time for service and accepts Smith's eventual service as timely.

The Clerk of Court shall notify counsel of this Order.

DATED this _19th_ day of June, 2020.

SUSAN P. WATTERS
United States District Judge

10