IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEVEN SMITH,<br><br>              Plaintiff,<br><br>vs.<br><br>RICHARD MAURICE HAMBRO, RICHARD D. HAMBRO, and JOHN DOES 1-10,<br><br>              Defendants. | CV 19-117-BLG-SPW<br><br>ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT |

Plaintiff Steven Smith filed this action against Richard M. Hambro ("RMH") and Richard D. Hambro ("RDH"), alleging negligence and negligence per se against RMH and negligence, negligent entrustment, negligent hiring and retention, and agency against RDH. (Doc. 1). Now pending is RDH's motion for summary judgment on Smith's claims against him. (Doc. 23). As discussed below, summary judgment is proper as to the agency, negligence, and negligent entrustment claims, but genuine issues of material fact preclude judgment regarding the negligent hiring and retention claim. Accordingly, the Court grants RDH's motion in part and denies the motion in part.

I. **Statement of Facts**

1

Smith was heading southbound on Highway 16 in Richland County, Montana, when RMH, driving on the wrong side of the centerline heading north, collided with Smith. (Doc. 30, ¶¶ 1-3). RMH was driving a Ford F-150 owned by his father, RDH, and used for his tree trimming business, at the time of the collision. *Id.* RMH was apparently intoxicated at the time of the accident and was subsequently convicted of Criminal Endangerment and DUI, 4th or subsequent offense, for his role in the crash. *Id.* at ¶ 4.

RDH owns and operates Hambro Tree Service and occasionally employed RMH to assist with the business, including trimming and felling trees, worksite cleanup, and occasional driving. *Id.* at ¶¶ 6-8. Given RMH's history with substance abuse, RDH screened his son for sobriety prior to jobs and did not allow RMH to work or drive a work vehicle when RDH could not assess his son's sobriety. *Id.* RDH also worked a job in the North Dakota oilfields and was working there on the day of the accident. *Id.* at ¶ 10.

That day, RMH called RDH and indicated that he was going to take the work truck and stump grinder to Culbertson, Montana, to complete a job the two had undertaken several weeks prior. *Id.* at ¶ 11. RDH, inferring that RMH was intoxicated by the sound of his voice, told RMH not to drive to Culbertson and refused to tell him where the key for the stump grinder was. *Id.* at ¶¶ 12-13. RMH apparently ignored the instruction not to drive and got in the F-150, using the keys

that were stored unlocked inside the truck, and drove to find the stump grinder. *Id.* at ¶¶ 15-16. RMH evidently found the stump grinder and drove north, apparently attempting to go to Culbertson. RDH learned that his son had taken the truck and stump grinder when he was notified of the accident. *Id.* at ¶ 15.

## II.   Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007)

## III.   Analysis

3

Smith asserts four claims against RDH in the Complaint: negligence, negligent entrustment, agency liability, and negligent hiring and retention. (Doc. 1). RDH moves for summary judgment on each of these counts. (Doc. 23). Smith concedes the agency claim but contests summary judgment on the other three. (Doc. 29 at 2).

*A. Direct Negligence*

The essential elements of a negligence claim under Montana law are: (1) a legal duty owed by the tortfeasor to the claimant; (2) breach of that duty; (3) harm caused by the breach; and (4) resulting damages. *Maryland Casualty Co. v. Asbestos Claims Court*, 460 P.3d 882, 893 (Mont. 2020) (citing *Krieg v. Massey*, 781 P.2d 277, 278-79 (Mont. 1989)). Under Montana law, mere ownership of a vehicle is an insufficient basis to impose vicarious liability for an accident. *Guinnane v. Dobbins*, 2020 WL 4719099, *3 (D. Mont. 2020) (citing *Ulrigg v. Jones*, 907 P.2d 937, 940 (Mont. 1995).

RDH contends that summary judgment on the negligence claim is appropriate because Smith cannot, as a matter of law, demonstrate a heightened duty or breach of duty for RDH. (Doc. 25 at 7-8). Smith responds that RDH established a legal duty by taking on an affirmative undertaking because he provided RMH access to the work truck and keys and personally screened his son's sobriety and fitness to work. (Doc. 29 at 9-11). In support of his affirmative

4

undertaking argument, Smith relies on the recently decided *Maryland Casualty Co. v. Asbestos Claims Court*, 460 P.3d 882 (Mont. 2020). In *Maryland Casualty Co.*, the Montana Supreme Court adopted the Restatement (Second) of Torts § 324, which states that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> **(a)** his failure to exercise reasonable care increases the risk of such harm, or
> **(b)** he has undertaken to perform a duty owed by the other to the third person, or
> **(c)** the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Id.* at 907.

However, Smith's reliance is misplaced. Here, there is no undertaking that increases the risk of harm to third parties. The risk that RMH will drive drunk and injure people is not increased by his employment with Hambro Tree Services. While he drove the work truck in this accident, he could have just as easily been driving another vehicle. The access is no more increased than it would be by, say, having RMH housesit where he would have access to a vehicle. To hold otherwise would stretch § 324 beyond recognition and levy an increased duty on nearly every individual who allows someone to access a vehicle—something clearly rejected in Montana's caselaw involving motor vehicle collisions. Smith's claim as to

5

negligence fails as a matter of law under the undisputed facts because Smith has not demonstrated a breach of duty.

### B. Negligent Entrustment

Montana recognizes two theories of negligent entrustment. *See McGinnis v. Hand*, 972 P.2d 1126, 1129 (Mont. 1999). The first provides that the owner or controller of property who is negligent in entrusting it can be held liable for the resulting harm. *Id.* The owner must in fact entrust the vehicle to be liable. *Id.* The second provides that "a person who supplies a chattel to another whom the supplier knows or has reason to know is likely to use it in a manner involving unreasonable risk of physical harm is subject to liability for the resulting physical harm." *Id.*

RDH argues that because he expressly told RMH not to travel or take the truck, the entrustment or supply element cannot be met. (Doc. 25 at 10). Smith responds that no facts in the record show that RDH expressly told RMH not to drive the F-150 or not to drive to Culbertson. This distinction is immaterial. It is undisputed that RDH told RMH not to drive that day. Merely leaving the keys nearby or in the cab (a common practice in many households), is insufficient to qualify as entrustment or supply. *See McGinnis*, 972 P.2d at 1130 (holding that permission is a required condition to establish entrustment). Furthermore, Smith has produced no evidence beyond mere denials that RDH in any way gave

permission to his son to use the vehicle that day. RDH is entitled to summary judgment on this count.

### C. Negligent Hiring and Retention

A negligent hiring, supervision, or retention claim has three preconditions: (1) an employee is unfit; (2) an employer becomes aware or should have been aware of this unfitness; and (3) the employer fails to act. *Segal v. City of Bozeman*, 2013 WL 12344339, *5 (D. Mont. 2013) (citing *Vollmer v. Bramlette*, 594 F.Supp. 243, 248 (D. Mont. 1984). If these conditions are met, an employer may be held liable for injuries proximately caused by the employee. *Id.*

The issue of causation in the context of a claim of negligent hiring and supervision involving a motor vehicle accident was discussed in *Hoffman v. Austin*, 2006 MT 289, 334 Mont. 357, 147 P.3d 177 (2006), *overruled on other grounds*, *Giambra v. Kelsey*, 2007 MT 158, ¶¶ 24-25, 27, 338 Mont. 19, 162 P.3d 134 (2007) which involved a motor vehicle accident. Although the employee's driving record included several speeding tickets, the court found there existed substantial evidence that the driver was not speeding at the time of the accident. *Id.* Therefore, the court concluded the plaintiff failed to present sufficient evidence to establish that the employer's negligent hiring and supervision of a driver with several prior speeding tickets caused plaintiff's injuries since speeding was not an issue. *Id.*; *See also Peschel v. City of Missoula*, 664 F. Supp. 2d 1149, 1170 (D. Mont. 2009).

RDH argues that Plaintiff cannot establish any of the three predicate conditions for a negligent retention claim because RMH was fit for the work RDH allowed him to do and any unfitness was cured through RDH's sobriety screening. (Doc. 25 at 18). Plaintiff further contends that RDH's retention of RMH did not cause Smith's claimed damages. (Doc. 25 at 19-20). Smith responds that there is a genuine issue of fact as to whether RMH was unfit for the job, which involves driving a motor vehicle and operating machinery, given his prior convictions for driving under the influence. (Doc. 29 at 17). Smith further states that there are issues of fact as to whether RDH's informal screening process constitutes sufficient employer corrective action. (Doc. 29 at 17). Finally, Smith asserts there is an issue of fact as to whether RMH, apparently driving to a jobsite in a work vehicle, creates a casual link necessary to support a negligent retention claim. (Doc. 29 at 18).

The Court agrees with Smith. There is a factual question regarding whether RMH was unfit for his duties, given his history of alcohol and drug abuse while operating vehicles. RDH was aware of his son's alcohol and substance issues. Likewise, it is a question of fact whether RDH's informal screening procedures constituted sufficient action by an employer. Unlike in *Hoffman*, here it has been established that RMH had an issue with intoxicated driving and was driving under the influence at the time of the accident, creating a causal link between the

unfitness and the injuries caused. Finally, there is a question of fact as to whether an employee driving a work truck and towing work equipment to a jobsite could be considered on the job, rendering this issue inappropriate for summary judgment.

## IV.   Conclusion

For the foregoing reasons, this Court finds that summary judgment is appropriate on Counts 3 (negligence), 4 (negligent entrustment), and 6 (agency), and inappropriate on Count 5 (negligent hiring and retention), and IT IS HEREBY ORDERED that Defendant Richard D. Hambro's Motion for Summary Judgment (Doc. 23) is GRANTED in part and DENIED in part.

DATED this 7th day of May 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge